UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

J. DARIUS BIKOFF,

        Plaintiff,

   -v-                                      No.  16 CV 5478-LTS-SDA

JAMES DOWLING and PASTIME,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION & ORDER</u>

        Plaintiff J. Darius Bikoff brings this action against Defendants James Dowling and Pastime asserting claims for common law fraud and violation of New York General Business Law § 349.  Defendants now move pursuant to Federal Rule of Civil Procedure 56 for summary judgment dismissing Plaintiff's claims.  (Docket entry no. 28.)  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.  The Court has carefully considered the parties' submissions in connection with the instant motion practice and, for the following reasons, Defendants' motion for summary judgment is granted and the Complaint is dismissed.

<u>BACKGROUND</u>

        Unless otherwise indicated, the following facts are undisputed.[1]  Plaintiff J. Darius Bikoff is a collector of antique luxury watches.  (Docket entry no. 31, Def. 56.1 St. ¶ 1; docket entry no. 34, Pl. Resp. ¶ 1.)  Defendant Dowling is the owner of Pastime, a business that

---

[1]     Facts characterized as undisputed are identified as such in the parties' statements pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there has been no contrary, non-conclusory factual proffer.  Citations to the parties' respective Local Civil Rule 56.1 Statements ("Def. 56.1 St." or "Pl. 56.1 St.") incorporate by reference the parties' citations to underlying evidentiary submissions.

sells vintage watches, and the operator of the website www.ukwatches.com. (Docket entry no.

34, Pl. 56.1 St. ¶¶ 5-6.) Dowling regularly attends watch fairs in the United States, and also

writes books and articles about vintage watches. (Id. ¶¶ 8, 11.) Between April 2012 and August

2013, Bikoff purchased several collectible watches from Defendants, including the Rolex

Submariner Watch, the IWC Bund Watch, the Rolex Tektite GEV Watch, and the Rolex Ludion

Watch.[2] (Def. 56.1 St. ¶ 3; Pl. Resp. ¶ 3.) Bikoff asserts that, at the time Dowling sold Bikoff

each of these four watches, Dowling made various representations regarding the original

condition, provenance, authenticity, and value of the watch and its parts. (Pl. 56.1 St. ¶¶ 14-17,

20-22, 31-34, 44-48, 55-58.) Bikoff claims he relied on Dowling's representations when he

made the decision to purchase each watch. (Id. ¶¶ 29, 42, 53, 64.) Bikoff asserts that he later

discovered, through consultation with third parties, that the representations made by Dowling

were false. (Id. ¶¶ 26-28, 37-41, 51-52, 61-63.)


DISCUSSION

Summary judgment will be granted in favor of a moving party where "the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). Correspondingly, summary judgment will

be entered "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at

trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the court must draw all

factual inferences in favor of the nonmoving party, the nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving

---

[2]     In his opposition to Defendants' motion for summary judgment, Bikoff withdrew his
fraud claim as to a fifth watch, called the Tudor Shayetet Watch. (See docket entry no.
35, Opp. at 4 n.3.)

party must come forward with specific facts showing that there is a genuine issue for trial." Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

Common Law Fraud

To succeed on a fraud claim under New York law, a plaintiff must demonstrate: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421 (1996)). Each element of a fraud claim must be proven by clear and convincing evidence. Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 219 (S.D.N.Y. 2007). "This evidentiary standard demands a high order of proof and forbids the awarding of relief whenever the evidence is loose, equivocal or contradictory." Abrahami v. UPC Constr. Co., 638 N.Y.S.2d 11, 13 (1996) (internal quotations and citations omitted).

Defendants argue, among other things, that Bikoff has failed to adduce any evidence that Dowling knew his statements to be false at the time they were made. Bikoff responds that such an intent can be inferred from Dowling's "standing in the vintage watch market and his experience as a watch dealer," as well as a "pattern of conduct" where "at least three watches that Dowling claimed were completely original were later found to have replacement or counterfeit parts." (Opp. at 15.) Bikoff also argues that Dowling's intent to defraud can be inferred from a motive to profit from the watch sales. (Id. at 15-16.)

Bikoff's arguments are unpersuasive. Even after construing the evidence in the light most favorable to Bikoff, the Court determines that, on the basis of the current record, a

reasonable fact finder could not conclude that Dowling knew his statements regarding the condition, provenance, authenticity, and value of the subject watches to be false. Although it is undisputed that Dowling regularly attends watch fairs and writes books and articles about vintage watches (Pl. 56.1 St. ¶¶ 8, 11), his expertise is at best equivocal evidence of any knowledge that the watches sold to Bikoff were inauthentic or lacked a certain provenance. Even assuming that Bikoff could prove that Dowling made the alleged misrepresentations, and that Dowling's statements were objectively false, those facts alone are insufficient to support a reasonable inference that Dowling had the requisite intent to defraud Bikoff at the time the alleged misrepresentations were made. The same is true of Bikoff's argument that Dowling had motive and opportunity to defraud Bikoff. On the basis of the current record, Dowling's motives are indistinguishable from those of an ordinary salesperson, which is generally insufficient to establish a motive to commit fraud. See Landesbank Baden-Wurttemberg v. Goldman Sachs & Co., 478 Fed. App'x 679, 681 (2d Cir. 2012) (dismissing complaint where plaintiff did not ascribe to defendants "any particular motive for committing fraud beyond a general profit motive common to all corporations, which does not suffice."). Because Bikoff has failed to make a showing sufficient to establish that Dowling knew his statements were false, Bikoff's fraud claims are accordingly dismissed.

New York General Business Law § 349

A plaintiff challenging an act or practice under New York General Business Law section 349 must show that: "(1) defendant engaged in a consumer-oriented act, (2) that the consumer-oriented act was misleading in a material way, and (3) that plaintiff consequently suffered injury." GTFM, Inc. v. Solid Clothing, Inc., 215 F. Supp. 2d 273, 301-302 (S.D.N.Y. 2002). Bikoff argues that Dowling is engaged in consumer-oriented activities because he

represents himself as an authority on vintage watches and makes vintage watches available to other consumers through his website.  (Opp. at 21-22.)  The alleged misrepresentations here, however, are unique to each watch and were allegedly made during the course of private, in-person transactions.  Although Bikoff argues that these same watches were offered on Dowling's website and similar false representations have been made to others with respect to those watches, Bikoff proffers no evidence to support his assertions.  Accordingly, Bikoff's deceptive practices claim pursuant to section 349 is dismissed.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and the Complaint is dismissed.  This Memorandum Opinion and Order resolves docket entry no. 28.  The Clerk of Court is respectfully requested to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: New York, New York
       August 20, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge